UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CR-72-F
No. 7:12-CV-81-F

| | |
|---|---|
| TERRELL DEMTRIUS McCULLUM,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | ORDER |

This matter is before the court on the Government's Withdrawal of its Motion to Dismiss [DE-46] Terrell Demtrius McCullum's pending Motion to Vacate, Set Aside or Correct his conviction and sentence [DE-43], pursuant to 28 U.S.C. § 2255. *See* [DE-49]. McCullum asserts one claim. He contends that he is not guilty of having been a felon in possession of a firearm under 18 U.S.C. § 922(g), in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). McCullum entered a plea of guilty to that offense, retaining the right to pursue relief under the doctrine of "actual innocence." *See* Memorandum of Plea Agreement [DE-20].

McCullum was sentenced on September 18, 2009, to serve a year and a day, followed by a three-year term of supervised release. *See* Judgment [DE-24]. He served his term of imprisonment and had begun the term of supervised release when the Probation Office filed a motion to revoke his supervision. *See* Motion [DE-27]. Following a hearing in which the court found that McCullum had violated the terms thereof, his supervised release term was revoked and a term of 24 months imprisonment was imposed. *See* Order [DE-39].

The Government now acknowledges that McCullum's "actual innocence" claim is meritorious under *Simmons*, and that the court should "reach the merits of the petition and vacate McCullum's conviction and sentence." Withdrawal of Motion [DE-49], p. 3. The court accepts the Government's position and its suggested remedy.

A review of his prior criminal record, in light of the ruling in *Simmons* and the content of the Government's Withdrawal [DE-49], together with the record in this case convinces the court that McCullum in fact was and is "actually innocent" of the § 922(c) conviction. Because he was not a "felon" at the time of that alleged offense under North Carolina law, as properly construed, an element of the § 922(g) offense was lacking. Furthermore, because McCullum is actually innocent of the § 922(c) conviction, the period of supervised release imposed thereon in 2010, also must be vacated, in turn rendering McCullum's current federal incarceration upon revocation of supervised release inappropriate.

In summary, the Government's Withdrawal [DE-49] of its Motion to Dismiss [DE-46], and McCullum's Motion to Vacate, Set Aside or Correct his conviction and sentence [DE-43] under § 2255 are ALLOWED. The judgments entered on September 18, 2009 [DE-24] and September 8, 2010 [DE-39], hereby are VACATED. McCullum is ORDERED to be released from federal custody, subject to pending detainers, if any.

SO ORDERED.

This, the 15th day of August, 2012.

_____
JAMES C. FOX
Senior United States District Judge

2