IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-72-BO

TERRELL DEMTRIUS MCCULLUM,  )
     Petitioner,             )
                               )
                               )     ORDER
v.                             )
                               )
UNITED STATES OF AMERICA,  )
     Respondent.          )

This cause comes before the Court on petitioner's *pro se* motion for issuance of a certificate of innocence [DE 52] and motion to expedite issuance of a certificate of innocence [DE 57]. Both matters are ripe for disposition. For the reasons discussed below, petitioner's motions [DE 52, 57] are DENIED.

BACKGROUND

In June 2009, petitioner pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. [DE 19, 20]. In September 2009, Judge James C. Fox sentenced petitioner to one year and one day of imprisonment, 3 years of supervised release, and a $100 special assessment. [DE 23, 24]. In August 2012, Judge Fox granted petitioner's motion to vacate under 28 U.S.C. § 2255. [DE 50]. Petitioner's motion was based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), where the Fourth Circuit held that individuals sentenced pursuant to North Carolina's Structured Sentencing Act could not be classified as "felons" under federal law unless they had been exposed to a sentence of imprisonment in excess of one year. As a result, petitioner was released from federal custody. [DE 50].

In August 2018, petitioner moved for a certificate of actual innocence under 28 U.S.C.

§ 2513. [DE 52]. In October 2018, petitioner filed a motion to expedite the issuance of a certificate of actual innocence. [DE 57]. The government has responded in opposition. [DE 58].

## DISCUSSION

A district court has "substantial discretion" in deciding whether to grant or deny a certificate of actual innocence pursuant to 18 U.S.C. § 2513. *United States v. Graham*, 608 F.3d 164, 166 (4th Cir. 2010). In order to obtain such a certificate, petitioner must allege and prove three predicates:

> First, the petitioner must establish that the record of the court setting aside or reversing his conviction demonstrates that the court did so on the ground that he is not guilty of the offense for which he was convicted. Second, the petitioner must prove that he did not commit any of the acts charged, or that those acts or related acts constituted no crime against the United States, or any State, Territory or the District of Columbia. Third, the petitioner must demonstrate that he did not by misconduct or neglect cause or bring about his own prosecution.

*United States v. Mills*, 773 F.3d 563, 566 (4th Cir. 2014); *see also Graham*, 608 F.3d at 171. Here, petitioner's motion fails because he cannot prove either that he did not commit any of the acts charged or that the acts did not constitute crimes, as required by the second prong of Section 2513.

Petitioner's conduct violated a North Carolina statute barring "any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm." N.C. Gen. Stat. § 14-415.1(a). Petitioner had been convicted of a North Carolina felony at the time he possessed the firearms at issue in this case and admitted to the possession, as charged in his indictment, as part of his plea agreement. In *Mills*, the Fourth Circuit specified that 18 U.S.C. § 922(g) "renders the possessory act a criminal one, and then applies the statute only to a limited subset of people." 773 F.3d at 567–68. Thus, after *Simmons*, petitioner could no longer be a part of the subset of people vulnerable to prosecution under Section 922(g), but *Simmons* did nothing to undermine the criminal nature of petitioner's possession of firearms. Petitioner's attempts to

distinguish his own case from the facts of *Mills* are unpersuasive. In *Mills*, the Fourth Circuit held that because the petitioner had possessed the firearm at issue, he could not prove that he had not committed *any* of the acts charged, even though he no longer qualified as a felon after *Simmons*. In other words, Section 922(g) contains two elements, possession and felon status, and to obtain a certificate of actual innocence, a petitioner must still establish that he did not possess a firearm as charged. Because petitioner admitted to possession in his plea agreement, he cannot prove that he did not commit any of the acts charged, as required by the second prong of 28 U.S.C. § 2513, and as a result his motions must be denied.

## CONCLUSION

For the above reasons, petitioner's motion for issuance of a certificate of innocence [DE 52] and motion to expedite issuance of a certificate of innocence [DE 57] are both DENIED.


SO ORDERED, this **23** day of February, 2019.


TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3